UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENEVA LIFE CARE CENTER, LLC, | ) | CASE NO. 5:24-cv-1914 |
| | ) | |
| APPELLANT, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| GENEVA VILLAGE RETIREMENT | ) | |
| COMMUNITY, LTD., et al., | ) | |
| | ) | |
| APPELLEES. | ) | |

Appellees VRC, Inc. ("VRC") and Michael Francus ("Francus") move to dismiss this appeal for lack of jurisdiction. (Doc. No. 4 (Motion to Dismiss Appeal).) Appellant Geneva Life Care Center, LLC ("Geneva Life") opposes the motion. (Doc. No. 5 (Opposition to Motion to Dismiss).) VRC and Francus timely replied. (Doc. No. 6 (Reply in Support of Motion to Dismiss).) For the reasons discussed below, the motion to dismiss is **GRANTED**, and this appeal is **DISMISSED** for lack of jurisdiction.

**I.   BACKGROUND**

In 2020, Geneva Life brought suit in state court against VRC, Francus, and two other entities, asserting various claims regarding a commercial lease dispute. (*See* Doc. No. 1-1 (Mem. Op. and Prelim. Report), at 2, 4–5 n.2.)[1] In 2021, before the claims could be resolved, the two other entities filed for bankruptcy. (*Id.* at 4–5 n.2.) As a result, the entire proceeding was removed from state court to be litigated under the umbrella of the bankruptcy case. (*Id.* at 2.) The other two

---

[1] The other two entities were Geneva Village Retirement Community, Ltd. and Geneva Village Retirement Community, LLC. (Doc. No. 1-1, at 2.)

entities have since settled with Geneva Life, leaving only claims against VRC and Francus in the underlying adversary proceeding. (*Id.* at 4–5 n.2.)

In October 2024, the bankruptcy court granted summary judgment to VRC and Francus on one of those claims, but not on the others. (Doc. No. 1-2 (Order), at 2–3.) The claim on which the bankruptcy court granted summary judgment was the only "core proceeding" between the parties (Doc. No. 1-1, at 3–6), meaning it was the only claim arising under the bankruptcy code. *See Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002) (explaining the difference between core and non-core claims).

Geneva Life appeals the portion of the bankruptcy court's order partially granting summary judgment in favor of VRC and Francus. (Doc. No. 1 (Notice of Appeal), at 2.) VRC and Francus move to dismiss for lack of jurisdiction, arguing that "no final order was entered" because several claims between the parties remain pending before the bankruptcy court. (Doc. No. 4, at 3.) Geneva Life disagrees, reasoning that the bankruptcy court's order is final because it "disposed of a 'discrete dispute' within the bankruptcy case—*i.e.*, the only 'core' proceeding remaining" between the parties. (Doc. No. 5, at 1.)

**II.     DISCUSSION**

28 U.S.C § 158(a) vests district courts with jurisdiction "to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings[.]" That provision makes "orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case," even if an order does not resolve the entire bankruptcy matter. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39, 140 S. Ct. 582, 587, 205 L. Ed. 2d 419 (2020) (cleaned up). Accordingly, to determine whether it has jurisdiction, a reviewing court must analyze whether an order "was entered as part of a discrete proceeding"

and, if so, whether "it terminated that proceeding—that is, it was that proceeding's final decision." *In re Woodberry*, No. 21-1043, 2021 WL 6502178, at *2 (6th Cir. Nov. 1, 2021) (citing *Ritzen*, 589 U.S. at 38–40).

Orders "finally resolving discrete disputes in a bankruptcy case—such as adversary proceedings—may qualify as immediately appealable final orders even though the overall bankruptcy case is ongoing[.]" *In re Wohleber*, 833 F. App'x 634, 638 (6th Cir. 2020). But such orders are not final under § 158(a) unless they fully adjudicate all of the disputes involved in the adversary proceeding. *See, e.g.*, *Woodberry*, 2021 WL 6502178, at *2 (dismissing appeal of bankruptcy court's order partially granting summary judgment in adversary proceeding); *In re White*, No. 22-2007, 2023 WL 3195170, at *2 (6th Cir. Apr. 10, 2023) (dismissing appeal of bankruptcy court's order that "dismissed only some" of the claims against one defendant).

Here, as the parties agree, the bankruptcy court entered judgment on only one of Geneva Life's claims against VRC and Francus. The others remain pending. (*See* Doc. No. 1-2, at 2–3.) All the claims in the underlying adversary proceeding must be resolved before the proceeding is "terminated." *Woodberry*, 2021 WL 6502178, at *2. Accordingly, the bankruptcy court's order here is not final under § 158(a).

Geneva Life contends the bankruptcy court terminated a discrete dispute because it entered judgment on the only "core proceeding" between the parties. (Doc. No. 1, at 2.) In support, Geneva Life appears to argue that the meaning of "proceeding" in § 158(a) should be informed by § 157(b)(2), which delineates a list of "core proceedings." (Doc. No. 5, at 2–3 (citing *In re Jackson Masonry, LLC*, 906 F.3d 494 (6th Cir. 2018), *aff'd sub nom. Ritzen*, 589 U.S. 35).) Therefore, Geneva Life argues, resolution of a "core proceeding" should "logically [be] presumed to constitute a discrete 'proceeding'" under § 158(a). (*Id.*)

3

Geneva Life is correct that the Supreme Court and Sixth Circuit have applied a similar presumption, but they did so in different contexts. *See In re Esteva*, 60 F.4th 664, 671 (11th Cir. 2023) ("Neither *Bullard* nor *Ritzen* concerned an appeal from an adversary proceeding."). Further, those cases were "careful to warn" against the assumption that Geneva Life makes here—that merely "being listed as a 'core proceeding' in § 157(b)(2) is either necessary or sufficient to be an appealable 'proceeding[]' under § 158(a)." *Jackson Masonry*, 906 F.3d at 500–01 (confirming that "§ 157's 'purpose is not to explain appealability'" (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 503, 135 S. Ct. 1686, 1693, 191 L. Ed. 2d 621 (2015)); *see Ritzen*, 589 U.S. at 44. That repeated caution, coupled with subsequent cases defining the "discrete dispute" for appealability purposes as the adversary proceeding as a whole, not individual claims within such a proceeding, strongly undermines Geneva Life's argument. *See, e.g.*, *In re Woodberry*, No. 21-1043, 2021 WL 6502178, at *2 (6th Cir. Nov. 1, 2021) (rejecting appellants argument that "a decision arising out of an adversary proceeding is appealable even if the bankruptcy court has not resolved all of the claims in the adversary proceeding, so long as that decision has resolved a discrete dispute").[2] "Put simply, the discrete dispute is the adversary proceeding itself, not a particular claim within that proceeding. So an order dismissing only one claim in a multi-claim adversary proceeding does not amount to a final order." *Kiviti v. Bhatt*, 80 F.4th 520, 530 (4th Cir. 2023) (citations and internal quotation marks omitted), *cert. denied*, 144 S. Ct. 2519 (2024).

The cases cited by Geneva Life do not move the needle. Although each allowed an appeal from a still-pending adversary proceeding, there was always a final resolution of the claims

---

[2] Circuit courts interpret finality the same way under § 158(d), which is their corollary to § 158(a), at least in regard to underlying adversary proceedings. *See, e.g.*, *In re Esteva*, 60 F.4th 664, 672 (11th Cir. 2023) ("[A] bankruptcy court order in an adversary proceeding must resolve *all* claims against *all* parties to be considered final." (citation omitted)); *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 52 F.4th 465, 483 (1st Cir. 2022) ("Accordingly, a district court order in an adversary proceeding is not appealable as of right under section 158(d) unless it ends the entire adversary proceeding on the merits and leaves nothing for the court to do but enter the judgment." (citations and internal quotation marks omitted)).

between the relevant parties. *Bach v. JPMorgan Chase Bank NA*, No. 21-cv-1394, 2023 WL 315684, at *3 (E.D. Wis. Jan. 19, 2023) (reviewing a judgment that "fully resolv[ed] the issues between [the debtor] and two creditors"); *Matter of Morse Elec. Co.*, 805 F.2d 262, 265 (7th Cir. 1986) ("Finality of the order comes from the fact that it resolves *all* of [plaintiff's] claims against the estate."). There is no such final resolution here.[3]

## III. CONCLUSION

Because the bankruptcy court's order partially granting summary judgment is not a final appealable order, the motion to dismiss for lack of jurisdiction is **GRANTED**, and this appeal is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: December 30, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[3] VRC and Francus also argue that Fed. R. Civ. P. 54(b) does not support jurisdiction. (Doc. No. 4, at 2–3.) Geneva Life does not appear to contest that point (Doc. No. 5, at 2), but VRC and Francus renew the argument in their reply. (Doc. No. 6, at 3–4.) For the avoidance of doubt, the Court agrees that Rule 54(b) does not confer jurisdiction here. A bankruptcy court can certify an order for appeal by entering a "final judgment as to one or more, but fewer than all, claims or parties" under Rule 54(b) if it "expressly determines that there is no just reason for delay." *See In re Merv Props., L.L.C.*, 539 B.R. 516, 521–22 (B.A.P. 6th Cir. 2015). The bankruptcy court did not make that certification here.

5